**Sunjeet Kaur BIRK, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Kamal Kaur Singh; Sharanjit Kaur Birk; Sandeep Singh Birk; Karnail Singh Birk, Petitioners,**

v.

**Alberto R. Gonzales, Attorney General, Respondent.**

Nos. 03–74099, 05–76471.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 10, 2007.

Filed Jan. 25, 2007.

Alexander H. Lubarsky, Esq., San Mateo, CA, for Petitioners.

Regional Counsel, Hillel R. Smith, Esq., Anthony W. Norwood, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: NOONAN and CLIFTON, Circuit Judges, and SCHIAVELLI *, District Judge.

---

* The Honorable George P. Schiavelli, United    States District Judge for the Central District

MEMORANDUM **

Kamal Kaur Singh ("Singh"), a Fijian citizen of Indian descent, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") denial of her claim (and the derivative claims of her husband and two of her children) for asylum and withholding of removal. Singh's eldest daughter, Sunjeet Kaur Birk ("Birk"), a citizen of the United Kingdom, ("U.K."), also petitions for review of the denial of her independent asylum claim.

We now deny both Singh's and Birk's petitions. Even viewed cumulatively, the harm Singh testified to suffering after the 1987 coups in Fiji does not compel a finding of past persecution. *See Kumar v. Gonzales*, 439 F.3d 520, 524 n. 3 (9th Cir.2006). The record before us also does not compel a finding that Singh has a well-founded fear of future persecution in Fiji. *See id.*, 439 F.3d at 525.

Because Singh has not proven eligibility for asylum, she also fails to meet the more rigorous burden of proving a clear probability of persecution necessary for withholding of removal. *See id.*

Since Singh's petition for review fails, we need not reach the question of whether certain provisions of the Child Status Protection Act § 4, 8 U.S.C. § 1158(b)(3), should have preserved Birk's right to remain a derivative beneficiary on her mother's asylum application. Substantial evidence supports the denial of Birk's

application for asylum based upon her lack of fear of returning to the U.K.

Petitions DENIED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

